Cite as: 608 U. S. \_\_\_\_ (2026)          1
JACKSON, J., dissenting

# SUPREME COURT OF THE UNITED STATES

———————

No. 25A1235

———————

## ERIC GUERRERO, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION *v.* EDWARD LEE BUSBY

ON APPLICATION TO VACATE STAY

[May 14, 2026]

The application to vacate stay of execution of sentence of death presented to JUSTICE ALITO and by him referred to the Court is granted. The May 8, 2026 order of the United States Court of Appeals for the Fifth Circuit, case Nos. 26–70004 and 26–10354, granting a stay of execution is vacated.

JUSTICE KAGAN would deny the application to vacate the stay of execution.

JUSTICE JACKSON, with whom JUSTICE SOTOMAYOR joins, dissenting from grant of application to vacate stay.

Edward Busby's expert concluded that Busby is intellectually disabled. Texas's expert agreed. Recognizing the constitutional implications of that assessment, Texas joined Busby in asking the Texas courts to find Busby ineligible for execution. After the Texas courts refused, Texas changed its mind, opting to proceed with the execution it once tried to abandon. The Fifth Circuit then temporarily stayed the execution. This was a modest, responsible step taken to allow that court to determine whether Busby is entitled to habeas relief before it is too late.

Today, the Court finds itself unable to tolerate even a brief delay. Lifting the Fifth Circuit's stay, the Court grants emergency relief to ensure that Texas's current

inclination (that it must execute Busby tonight) wins out over its former one (that it could not execute Busby at all).

In capital cases, we rarely intervene to preserve life. I cannot understand the Court's rush to extinguish it, much less in the circumstances of this case. With respect, I dissent.